Filed 7/8/25  P. v. Brown CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C101395 |
| Plaintiff and Respondent, | (Super. Ct. No. 06F02832) |
| v. | |
| PHILLIP LAMAR BROWN, | |
| Defendant and Appellant. | |

Defendant Phillip Lamar Brown was convicted in 2007 of two counts of forcible rape, assault by means of force likely to produce great bodily injury, two counts of failing to register as a sex offender, assault with the intent to commit rape, and false imprisonment.  He was sentenced to 55 years 4 months in state prison, including three years for prior prison term enhancements pursuant to former Penal Code[1] section 667.5, subdivision (b).  (See *People v. Brown* (June 26, 2008, C055179) [nonpub. opn.] (*Brown I*).)

---

[1]  Further statutory references are to the Penal Code unless otherwise indicated.

1

Defendant appeals from a June 2024 order after resentencing pursuant to section 1172.75. He contends the trial court erred by failing to recalculate his custody credits and abused its discretion in declining to strike his prior strike conviction as well as a five-year prior serious felony conviction enhancement (§ 667, subd. (a)). He further contends that whatever remains of the $10,000 restitution fine imposed more than 10 years ago must now be stricken pursuant to section 1465.9, subdivision (d).

The People concede the restitution fine must be stricken and the custody credits recalculated. We accept these concessions. The People do not agree the trial court abused its discretion in refusing to further reduce defendant's prison term, and we agree with the People. We will modify the judgment by vacating the restitution fine, remand for the trial court to recalculate defendant's custody credits as of June 14, 2024, and otherwise affirm the judgment as modified.

## BACKGROUND

We summarize the facts of defendant's crimes as described in this court's opinion in defendant's original appeal. (*Brown I*, *supra*, C055179.) In 2004, defendant and his half sister, D.R., sat in a car, parked in a garage, using cocaine and methamphetamine together. Defendant told D.R. she looked "good" and asked to have sex with her. D.R. refused. Angered by her refusal, defendant pulled off D.R.'s pants and underwear before she was able to escape from the car. (*Ibid.*)

After D.R. got out of the car, defendant held her down inside the garage and tied her hands and feet with a severed vacuum cleaner cord. (*Brown I*, *supra*, C055179.) He swung the cord over a beam in the garage ceiling and suspended D.R. approximately six inches from the ground. (*Ibid.*) Defendant then poured paint over D.R. and threatened to set her on fire. D.R. hung from the garage ceiling for about an hour before defendant cut her down. (*Ibid.*) Then, defendant put D.R. in the back of the car; he told D.R. that he was either going to kill her or dump her by the river. (*Ibid.*) D.R. managed to escape to safety. (*Ibid.*)

2

In 2006, after drinking alcohol and using drugs with his friends, defendant demanded sex from his half sister, E.D. (*Brown I*, *supra*, C055179.) When E.D. refused, defendant beat her. (*Ibid.*) He kicked, choked, and threatened to kill her. Ultimately, defendant raped E.D., then ordered her to shower. (*Ibid.*) When she finished showering, defendant refused to let E.D. dress; he then held E.D. down and raped her again. (*Ibid.*)

A jury found defendant guilty on two counts of forcible rape (§ 261, subd. (a)(2)), assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(1)), two counts of failing to register as a sex offender (§ 290, subd. (g)(2)), assault with the intent to commit rape (§ 220), and false imprisonment (§ 236). (*Brown I*, *supra*, C055179.) In a bifurcated proceeding, the jury sustained allegations of aggravating factors, four prior prison terms, and a prior serious felony conviction. (*Ibid.*) The trial court sentenced defendant to an aggregate term of 55 years 4 months in prison. (*Ibid.*)

Following an appeal, this court struck one of the prior prison term enhancements, reducing defendant's sentence from 55 years 4 months to 54 years 4 months. (*Brown I*, *supra*, C055179.)

The trial court subsequently received notice from the Department of Corrections and Rehabilitation (Department) that defendant may be eligible for resentencing under section 1172.75. In June 2023, the court appointed counsel and requested briefing.

In December 2023, defendant filed a brief inviting the trial court to dismiss the remaining two prior prison term enhancements, strike the prior strike conviction, and stay the five-year prior serious felony conviction enhancement. Defendant argued the five-year prior serious felony conviction enhancement should be stayed, and the prior strike conviction dismissed based on two of the mitigating factors enumerated in section 1385, subdivision (c): "[t]he application of an enhancement could result in a sentence of over 20 years"; and "[t]he enhancement is based on a prior conviction that is over five years old." Defendant noted his prior prison terms were for convictions in 1986 and 1988.

Defendant also argued that reducing his sentence would not " 'endanger public safety' " because he was using his time in prison to "reflect on and correct some of the issues" that led to his imprisonment. Since his incarceration, defendant argued, he was "focused on education, anger management skills, and overall life skills to avoid recidivating." Defendant also maintained ties to his mother and his daughter, both of whom would provide him with a stable support system for reintegrating into society.

In May 2024, the People filed a brief conceding the trial court should strike the two prior prison term enhancements and their associated one-year sentences. The People argued, however, that the five-year prior serious felony conviction enhancement and prior strike conviction should remain. With regard to the five-year prior serious felony conviction, the People argued staying the enhancement would endanger public safety. The People noted the violent nature of the commitment offenses and pointed out that, as an adult, defendant was never out of custody more than 21 months; at least once, he was out for only 12 days.

Between 1986 and 2005, defendant was convicted of numerous felonies including sexual battery, spousal abuse, robbery, weapons charges, and vandalism. Defendant continued his criminal behavior in prison, accumulating five rules violations. Days before resentencing, defendant acquired another rules violation when a correctional officer found alcohol ("pruno") in defendant's prison cell.

Turning to the prior strike, the People argued the circumstances of the current offenses as well as defendant's lengthy and violent criminal history, placed him squarely within the spirit of the three strikes law. In addition to the violent and "inhumane" nature of his current offenses, the People noted defendant was on probation when he raped E.D. and had been "involved with the criminal justice system . . . [f]or nearly thirty years." He failed to register as a sex offender, failed to successfully complete probation, and failed to follow the rules when he was incarcerated. Defendant has, the People argued, "persistently engaged in criminal activity for twenty years preceding the sentence in this

4

case . . . ." The People urged the trial court to impose the previous sentence, less the two years for the prison priors.

At the sentencing hearing in June 2024, the trial court said that it had read and considered the briefs filed by both parties, including all attachments, before inviting the parties to be heard further. Defendant acknowledged the heinous nature of his current offenses but argued that since 2011 he had been engaged in "significant rehabilitative efforts." He took classes, participated in counseling, and otherwise "engaged in a lot of positive behavior." Defendant argued he was a productive inmate; he worked as a plumber, an electrician, and a dishwasher inside the prison. Defendant pointed out that these efforts began before a reduction in his sentence was even possible, demonstrating that his motive to improve was sincere and not just to receive a reduced sentence.

Defendant reiterated that he had a support network outside of the prison that included his mother and his daughter. Defendant's daughter observed that he had a deeper relationship "with the Lord," and his mother said she "detected growth in areas of [defendant's] sound mind and determination to return to society as a productive citizen . . . ." These were all elements, defendant argued, that made recidivism less likely and rendered him less dangerous.

The People argued that defendant was and continues to be a danger to the community. Their argument was supported by the details of defendant's current offenses, his prior strike offense, and his nearly uninterrupted history of violent crime over the prior 30 years, particularly his crimes against women. They argued that defendant's "entire life has been in the criminal justice system."

The trial court also heard from defendant's victims, his half sisters E.D. and D.R. D.R. said defendant's violence continued to "haunt" her; she struggled with being alone and finding peace. E.D. was angry that defendant never apologized to her or to their family for "what he did." Neither believed he was reformed or should be released. Defendant then offered an apology "to the people that [he] did hurt."

5

The trial court struck the prior prison term enhancements but denied defendant's request to dismiss the prior strike conviction. "In light of the nature and circumstances of [defendant's] present offense, the prior strike offense, and other felony convictions, [defendant's] post-conviction behavior, I find that the defendant does not fall outside the spirit of the three strikes sentencing structure and I decline to exercise my discretion to dismiss the prior strike conviction."

Turning to defendant's request to stay the prior serious felony conviction enhancement, the trial court concluded a reduction in defendant's sentence would endanger public safety. The court found two statutory mitigating factors to be relevant: application of an enhancement could result in a sentence of over 20 years (§ 1385, subd. (c)(2)(C)) and an enhancement was based on a prior conviction that is over five years old (§ 1385, subd. (c)(2)(H)). The court nevertheless found clear and convincing evidence that a reduced sentence would endanger the public because defendant had "victimized numerous individuals ranging from family members to strangers," and there was no evidence he had "changed his criminal mindset."

When discussing his postconviction behavior, the trial court noted the number of sustained rules violations defendant accumulated while incarcerated. Those violations, the court found, demonstrated defendant's continued violence against others and his inability to follow rules even in a controlled environment. Defendant's postconviction conduct, the court found, "substantially outweighed" the great weight it had given to the statutory mitigating factors.

The trial court sentenced defendant to the original sentence, less two years for the stricken prior prison term enhancements, for a total sentence of 52 years 4 months in state prison. The court imposed "all previous fines, fees[,] and restitution orders," including a $10,000 restitution fine imposed pursuant to section 1202.4. The court then advised defendant that "[t]his court is not in a position to determine custody credit and will defer to the [Department] to calculate additional conduct credit."

6

Defendant filed a timely notice of appeal.

DISCUSSION

A. *Restitution Fine*

Defendant contends the balance of his restitution fine should be vacated pursuant to the January 1, 2025, amendments to section 1465.9. The People agree, as do we.

Section 1465.9 declares the balance of certain court-imposed costs, fines, and assessments to be unenforceable and uncollectible, and directs that any portion of a judgment imposing such costs, fines, or assessments be vacated. While this appeal was pending, the Legislature amended section 1465.9, effective January 1, 2025, to add subdivision (d). (See Stats. 2024, ch. 805, § 1; see also Gov. Code, § 9600, subd. (a) ["a statute enacted at a regular session shall go into effect on January 1 next following a 90-day period from the date of enactment of the statute"].) Section 1465.9, subdivision (d) provides that "[u]pon the expiration of 10 years after the date of imposition of a restitution fine pursuant to Section 1202.4, the balance, including any collection fees, shall be unenforceable and uncollectible and any portion of a judgment imposing those fines shall be vacated."

Here, the trial court reimposed defendant's restitution fine in June 2024 when section 1465.9, subdivision (d) was not in effect. Now this provision is in effect, and we agree with the parties that it applies to the balance of defendant's restitution fine under section 1202.4 because more than 10 years have elapsed since the court originally imposed that fine. We shall modify the judgment to vacate the restitution fine.

B. *Recalculation of Custody Credits*

Defendant contends, and the People concede, the case must be remanded for the trial court to recalculate his custody credits. We accept the People's concession.

Section 2900.1 provides that when a defendant has served a portion of a sentence imposed based upon a judgment that is subsequently modified during the term of imprisonment, the time served "shall be credited upon any subsequent sentence he may

7

receive upon a new commitment for the same criminal act or acts." As a result, when a defendant is resentenced, all actual time spent in custody, whether in jail or prison, should be credited against the modified sentence, and this credit should be reflected in the amended abstract of judgment. (*People v. Buckhalter* (2001) 26 Cal.4th 20, 37, 41.) This is not to say, however, that defendant is entitled to additional credits for good behavior as a presentence detainee. Once defendant is sentenced and committed to prison, he remains in the custody of the Director of the Department, serving time against his ultimate sentence, despite any later remand on sentencing issues. (*Id*. at p. 40.)

At resentencing on June 14, 2024, the trial court said it "was not in a position" to recalculate defendant's custody credits. This statement is incorrect because the court was required to recalculate defendant's custody credits. (§ 2900.1.) It nevertheless appears someone *did* recalculate defendant's custody credits because the amended abstract of judgment reflects credit for 6,307 days of actual custody. This also was incorrect because the abstract of judgment must accurately reflect the oral pronouncement of judgment which, here, expressly did *not* include a recalculation of defendant's custody credits. (See *People v. Mesa* (1975) 14 Cal.3d 466, 471 [rendition of judgment is the oral pronouncement; the abstract cannot add to or modify the judgment].)

To correct these errors, we will remand and direct the trial court to recalculate defendant's custody credits to include them as part of the judgment.[2]

## C. *Abuse of Discretion*

As required by section 1172.75, the trial court struck defendant's remaining former section 667.5, subdivision (b) prior prison term enhancements. As required, the court

---

[2] Calculation of conduct credits earned by defendant during his prison sentence (see §§ 2930-2935) is the responsibility of the Department and need not be added to the updated abstract. (*In re Martinez* (2003) 30 Cal.4th 29, 37; Cal. Const., art. I, § 32, subd. (a)(2).)

8

conducted a full resentencing (*People v. Monroe* (2022) 85 Cal.App.5th 393, 402), during which it declined to exercise its discretion to strike the five-year serious felony conviction enhancement (§ 667, subd. (a)) or the prior strike conviction. Defendant argues this was an abuse of the court's discretion. We disagree.

When considering defendant's request to dismiss his prior strike conviction, the trial court correctly understood its burden was to determine "whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit." (*People v. Williams* (1998) 17 Cal.4th 148, 161.) The court considered defendant's extensive and virtually unabated violent criminal history, as well as his conduct in prison, and found defendant fell squarely within the spirit of the three strikes law. Consequently, the court declined to exercise its discretion to strike defendant's prior strike conviction. We conclude the trial court's decision was not "so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 377.)

The trial court also understood it had discretion to dismiss the section 667, subdivision (a) serious felony conviction enhancement. The court acknowledged the relevant mitigating factors contained in section 1385, subdivision (c)(2)(C) and (H), and indicated it gave great weight to those factors. Given defendant's postconviction conduct and violent criminal history, however, the court found there was clear and convincing evidence that a reduced sentence would endanger the public. In short, the court acted well within its discretion. (*Nazir v. Superior Court* (2022) 79 Cal.App.5th 478, 490 [A trial court may abuse its discretion " 'where the trial court was not "aware of its discretion" ' to dismiss a sentencing allegation under section 1385, or 'where the court considered impermissible factors in declining to dismiss' "].)

Defendant argues the trial court "could have made a small reduction" in defendant's sentence to recognize his "efforts at rehabilitation," while still maintaining a

9

lengthy prison term.  This argument is unavailing.  Just because the court could have reasonably reached a different decision does not mean the court abused its discretion.

## DISPOSITION

The judgment is modified to vacate the restitution fine imposed pursuant to section 1202.4.  The matter is remanded and the trial court is directed to recalculate defendant's custody credits and prepare an amended abstract of judgment reflecting those credits and vacatur of the restitution fine.  The judgment is affirmed as modified; the amended abstract of judgment shall be forwarded to the Department.



   /s/
WISEMAN, J.*



We concur:



 /s/
ROBIE, Acting P. J.



 /s/
BOULWARE EURIE, J.



---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.